Rivera v. United States. Mr. Rivera, you have a minute for rebuttal. Good morning, judges, and thank you for providing me the opportunity to make my argument. There are six topics that I want to argue today. One of them is service of the summoning complaint, sovereign immunity, lack of state-to-state claim, consent, jurisdiction, and generalized grievances. I would like to read the rules of the civil procedure for the United States District Court, which is what I used to serve the defendant. But I don't think the District Court relied on failure to serve in dismissing your case. Well, no, they didn't, but the reason why I'm disputing it is because the order entered by Magistrate Judge Marsha M. Henry was based on the assumption that I improperly served the defendant. But that wasn't the basis for the dismissal of the action, right? But it's the basis of the decisions from the defendants for not answering the complaint. One of the defendants, I believe it's the city of New York, is requesting this court to vacate the order so that they can submit . . . But your complaint was dismissed for lack of standing, right?  And so what does the failure to serve or the suggestion that you didn't properly serve have to do with the lack of standing? It seems to me it's a side issue that doesn't really go to the merits or the basis for the dismissal in this case. Well, for the . . . That might be a better place to be focused on because the district court found that you didn't have standing, that you didn't allege a sufficiently concrete harm or a sufficient nexus between a remedy for that harm and this case. Well, I did provide it with my appeal and with my reply to the appeal. I believe I provided the court with some cases. Oh, you did. You definitely . . . I mean, so we have your brief. Yes. And I think just in terms of your arguments, where do you want to focus? So some of those cases actually explain that the judge had the opportunity that if she didn't have clear view of the claims that I was having in my complaint, that I was supposed to be given at least the opportunity to amend the complaint to clarify those claims using Rule 11 of the civil procedures. So I believe that my procedures were violated for that fact. If she did have any issues with the complaint that it didn't mention the claims the way she wanted to see them, we could have the argument about it and I could have provided a more clear distinction of the claims. I did actually request it in motion for the judge to have a personal hearing with her and it was denied. In that motion, I could have provided to her a clear view of the claims. But, I mean, that's not how it works. You have to file a complaint that lays out clearly what your causes of action are and why you have standing. You don't get to repair the deficiencies in a complaint by saying, I want a hearing and I'll tell you. I do have a case here that I would like to mention. Okay, so this is a case, this comes from the United State District Court of the Northern District of Illinois and it actually states what I just mentioned about the judge. It explained, nevertheless, the insufficiency of allegation in a complaint, it is not dispositive. Plaintiff might be able to repair insufficient allegations without violating counsel's obligation on the Federal Rule of Saber Procedure 11 and the rules of professional conduct and the Seventh Circuit repeatedly instructed this report that plaintiff must be generally be afforded at least one opportunity to amend a complaint before it is dismissed. And that was for white versus ill. You did amend this complaint though, right? I mean, you amended it at least once. Yes. Yes. I did amend it once and because of that reason, using the service argument, it was placed on estate. All right, but the district court dismissed for lack of standing. Do you agree with that? I don't believe that it has lack of standing, Your Honor. No, I mean, do you agree that that's what the district court relied on as a basis for dismissing your case? It is a combination because I believe the order that the judge actually placed, she actually mentions a combination. Lack of standing, Rivera didn't comply with the way defendants were served, jurisdiction. So her order to dismiss had a vast reason for dismissing. So it wasn't only for lack of standing. They mentioned jurisdiction. They mentioned the fact that I improperly, according to them, I didn't serve the defendants. All right. Well, we're a little over, but you've reserved a minute for rebuttals. You'll still get that. Thank you, Mr. Rivera. We'll now hear from Ms. Francis. Good morning. May it please the court. Assistant U.S. Attorney, Kimberly Francis of the Eastern District of New York for the Federal Defendant's Appellees. The district court correctly dismissed the complaint on the basis that plaintiff lacked standing to break his claims. Unless the court has questions, we would rest on our submission. All right. Thank you, Ms. Francis. And Mr. Lawrence. Good morning. I'm David Lawrence III. I'm an assistant solicitor general here on behalf of the state of New York. This court should affirm the judgment of dismissal at the state because the plaintiff failed to properly serve the state with his complaint, resulting in a lack of personal jurisdiction over the state. Out of all the many methods that the plaintiff could have used to serve the state, the simplest would have been to simply have the plaintiff delivered to the attorney general's office in lower Manhattan. There's a window there. People that are managing the attorney's office routinely serve complaints there. Instead, the plaintiff tried three other methods and he didn't do any of them. But that's not... I guess I'm coming back to this. I didn't think that was the real basis for dismissing the complaint. It was a lack of standing, right? That was not the basis, Your Honor. We had sent a letter to the court saying we should not be even listed as an appellee. We should be a defendant instead because there was no proper service to the complaint. Mr. Rivera contested that. Therefore, we filed a brief. I'm basically here... I can cut this short by stating I'm here basically to answer any questions that this court may have as to the service issue. This court can obviously affirm my sustaining and not reach the service issue. But... There's no advantage to reaching the issue of service, is there? None that I can see, Your Honor. No. All right. Thank you. Thank you. Mr. Rivera. Oh, Mr. Rivera, you should be sitting at this table over here. That's a table for people who are advocates. Sorry. I should have noticed that. So as you heard, counsel, yes, service was part of the dismissal as well. No, I think he's saying it wasn't, but he's saying nonetheless it would be an independent basis for us to affirm. But I don't... I think what he ultimately said was we don't need to reach that either. So... But, I mean, anything else you wanted to say in response? I mean, there is a lot of issues with my complaint. Unfortunately, I believe that the time that it was given to me to argue it is not sufficient. Like, for example, they claim sovereign inhumanity, for which I believe they don't because there's nothing in the Constitution that physically indicates that the federal government has sovereign immunity. The term sovereign immunity is not even mentioned in the Constitution. It's based on interpretation. But, again, that wasn't a basis for the district court's ruling, right? But it was mentioned that defendants were not entitled to come to the court. Even when they submitted their brief to this court, they mentioned that the court lacked personal jurisdiction. And according to some of the information that I have, the court does have jurisdiction because the courts are supposed to see any case that are related to the violation of constitutional rights. But you're obviously here. So, I mean, we're hearing the arguments. But I think the real issue is in the district court error in dismissing your complaint for lack of standing. I believe it is, Your Honor. I believe it is. All right. Well, as with the other cases we've heard today, we're going to reserve decision. But thank you, Mr. Rivera. Thank you, everyone.